IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

| | | |
|---|---|---|
| KWAMINA D. JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:09-0136 |
| | ) | |
| AMBER L. NELSON, Warden, | ) | |
| FPC ALDERSON, West Virginia, | ) | |
| | ) | |
| Respondent. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On February 13, 2009, Petitioner,[1] acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody.[2] (Document No. 1.) Petitioner alleges that the BOP is improperly denying her placement in the Residential Drug Abuse Treatment Program [RDAP]. (Id.) Specifically, Petitioner explains that she entered the RDAP program on April 21, 2008, but " was released into the custody of the U.S. Marshal's for a federal writ" on August 28, 2008. (Id., p. 3.) Petitioner complains that she returned to FPC Alderson on October 2, 2008, but her request to be "resubmitted back into the program" was denied on October 28, 2008. (Id.) Thus, Petitioner argues as follows: (1) The BOP violated 28 C.F.R. § 550.58(c)(3) (Id., p. 4.); (2) The

---

[1] On August 20, 2007, Petitioner pled guilty in the United States District Court for the Eastern District of Tennessee to one count of possession with the intent to distribute 50 grams or more of cocaine base, also known as crack, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). On November 21, 2007, the District Court sentenced Petitioner to a 28 month term of imprisonment, to be followed by a four year term of supervised release. Petitioner did not appeal her conviction. *United States v. Jones*, Case No. 3:05-cr-0077 (E.D.Tenn. Nov.21, 2007). The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on August 26, 2009.

[2] Because Petitioner is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

"Program Coordinator reneged Petitioner of substantial right to continue drug treatment rehabilitation beyond the prison population (Id., pp. 5 - 6.);[3] and (3) The "Program Coordinator abused discretion of program placement due to the issuance of a federal writ" (Id., p. 6.). Petitioner, therefore, contends that she was improperly discharged from RDAP. Accordingly, Petitioner requests that she be "transferred to an appropriate community correction center, a halfway house be implemented, or to continue with the rehabilitation program." (Id., p. 10.)

In support, Petitioner attaches the following as Exhibits: (1) A copy of Petitioner's "Sentence Monitoring Computation Data as of November 14, 2008" (Id., pp. 11 - 12.); (2) A copy of Petitioner's "Federal Bureau of Prisons Psychology Data System" indicating that Petitioner withdrew from RDAP because she "returned from Federal Writ on October 2, 2008, therefore she does not have enough time to complete the RDAP" (Id., pp. 13 - 15.); (3) A copy of a "Voluntary Discharge from Treatment" (Id., p. 16.); and (4) A copy of 28 C.F.R. § 550.59 (Id., p. 17.)

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate

---

[3] The undersigned notes that Petitioner does not possess a constitutionally protected expectation interest in receiving a sentence reduction. Such a subjective expectation does not arise to the level of a constitutional claim. *See Mallette v. Arlington County Employees' Supplemental Ret. Sys. II*, 91 F.3d 630, 635 (4th Cir. 1996)("[A] mere expectation of a benefit – even if that expectation is supported by consistent government practice – is not sufficient to create an interest protected by procedural due process. Instead, the statute at issue must create an entitlement to the benefit before procedural due process rights are triggered."). Neither Section 3621(e), the BOP's Program Statement (P.S. 5162.04), nor the Code of Federal Regulations (28 C.F.R. § 550.58), contain explicit mandatory language or standards limiting the BOP's discretion, which may have given rise to a protected liberty interest in early release. *See Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 109 S.Ct. 1904, 1909-10, 104 L.Ed.2d 506 (1989)(Regulations must contain "explicitly mandatory language" to create a liberty interest.). Accordingly, Petitioner does not possess a statutorily protected expectation interest in early release.

only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds her in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of her release from custody and the absence of collateral consequences, and therefore, her Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

### PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that

the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody (Document No. 1.) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: December 8, 2011.

R. Clarke VanDervort
United States Magistrate Judge